UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD NATHANIEL MILLER (#347066)　　　　CIVIL ACTION NO.

VERSUS　　　　17-697-SDD-EWD

MARCUS ALLEN, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 8, 2019.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD NATHANIEL MILLER (#347066)     CIVIL ACTION NO.

VERSUS                                  17-697-SDD-EWD

MARCUS ALLEN, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Richard Nathaniel Miller ("Plaintiff"), an inmate confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana filed this proceeding pursuant to 42 U.S.C. § 1983 against Marcus Allen, Huey Haley, John Smith, Jason Kent, Keithe Turner, James M. LeBlanc, Cherryl Washington, and the Louisiana Department of Corrections. Plaintiff's Complaint revolves around one instance where officers of the "B-Team," including Defendant Marcus Allen, searched Plaintiff's property.[1] For relief, Plaintiff requests that this Court "order Defendants to comply with the 'exact' relief requested in the D.B. Appeals."[2]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is asserting a claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal at any time if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[3] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 5.
[3] *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). § 1915(e) provides a procedural mechanism for dismissal of those lawsuits that are frivolous, malicious, or fail to state a claim in only those proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits filed by prisoners against a governmental entity or officer or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of pauper status. Plaintiff was granted permission to proceed *in forma pauperis* on January 12, 2018. R. Doc. 3.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[4] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[6] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[7] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[8]

Plaintiff's sole complaint is that Defendant Marcus Allen and other defendants, apparently on the "B-Team" at DCI, searched Plaintiff's property while Plaintiff was not present.[9] As to this apparent "search," while imprisoned persons enjoy many protections of the Constitution, it is clear that imprisonment carries with it the circumscription or loss of many significant rights.[10] Loss of freedom of choice and privacy are inherent incidents of confinement. The Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison. The recognition of privacy rights for prisoners simply cannot be reconciled with the concept

---

[4] *Denton*, 504 U.S. at 32-33.
[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[6] *Denton v. Hernandez, supra*, 504 U.S. at 32.
[7] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[8] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[9] R. Doc. 1, p. 4. Plaintiff does not specify who of the named defendants is on the B-Team or was involved in the alleged search, but even assuming all individuals were personally involved with the alleged search of Plaintiff's property, Plaintiff's Complaint would still fail to state a claim.
[10] *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979).

2

of incarceration and the needs and objectives of penal institutions.[11]  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[12]  Having recommended that Plaintiff's federal claims be dismissed, it is also recommended that the Court decline to exercise of supplemental jurisdiction over any potential state law claims.

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[13]

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

Signed in Baton Rouge, Louisiana, on October 8, 2019.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] *Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *United States v. Ward*, 561 F.3d 414, 419 (5th Cir. 2009) (stating that "as a per se rule a prisoner cannot invoke the Fourth Amendment because society is not prepared to recognize a prisoner's expectation of privacy in his prison cell").

[12] 28 U.S.C. § 1367.

[13] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3